IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-01820-ZLW

JASON REED,

    Applicant,

v.

HECTOR A. RIOS (Warden),

    Respondent.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 3 0 2006

GREGORY C. LANGHAM
CLERK

---

ORDER DENYING MOTION TO RECONSIDER

---

Applicant Jason Reed has filed *pro se* on October 18, 2006, "Petitioner's Motion for the Court to Reconsider its October 4, 2006[,] Dismissal." Mr. Reed asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on October 4, 2006. The Court must construe the motion to reconsider liberally because Mr. Reed is proceeding *pro se*. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." **Van Skiver v. United States**, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Reed's motion to reconsider was filed within ten days after the Court's Order and Judgment of Dismissal. **See** Fed. R. Civ. P. 6(a) (time periods of

less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). **See Van Skiver**, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action without prejudice for failure to exhaust administrative remedies. In the motion to reconsider Mr. Reed disagrees with the Court's determination that he failed to exhaust administrative remedies.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Reed fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. **See Shields v. Shetler**, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Reed does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Petitioner's Motion for the Court to Reconsider its October 4, 2006[,] Dismissal" filed on October 18, 2006, is denied.

DATED at Denver, Colorado, this 30 day of Oct, 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 06-cv-01820-BNB

Jason Reed
Reg. No. 26074-051
FCI – Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 10/30/06

GREGORY C. LANGHAM, CLERK

By: _____
         Deputy Clerk